IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN S. GIBBS,
No. 25704-171

   Petitioner,

 vs.          Case No. 15-cv-00190-DRH

COUNTY OF LAURENS, SC,

   Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

 Petitioner Shawn S. Gibbs is currently incarcerated in the United States Penitentiary at Marion, Illinois. He has filed a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, seeking his return to Laurens County, South Carolina, based on a "detainer/warrant" lodged against him in connection with a pending charge of assault and battery.

 The petition rests upon a "Detainer Action Letter" sent from the Bureau of Prisons ("BOP") to the Laurens Police Department on October 29, 2014, stating:

> This office is in receipt of the following report: ASSAULT AND BATTERY 1ST DEGREE, AND IF ANY POSSIBLE WARRANTS OR DETAINERS IN THE SURROUNDING AREA.
>
> Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have if [sic] lodged as a detainer. If you have no further interest in subject, please forward a letter indicating so.

Doc. 1, p. 3).

Citing the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. app. 2, § 2, Gibbs contends that he has been denied his right to a speedy trial on the South Carolina charge, and that the pending detainer is preventing his pre-release drug treatment program under which he can obtain release to a community correctional center. Gibbs wants South Carolina to dispose of the charge against him. Under the IAD, state officials have 180 days in which to act upon a prisoner's speedy trial request. 18 U.S.C. app. 2, § 2, art. III(a).

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Although Gibbs' principal argument is with South Carolina for not prosecuting him on the pending assault and battery charge, he is arguably being prevented from early release from federal prison because of the pending charge, which implicates Section 2241. In *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484 (1973), the Supreme Court found that, where a detainer had been lodged against a federal prisoner, the warden of the federal prison became a state agent having custody over the prisoner. *Id*. at 488-89. Assuming that Section 2241 is the proper avenue for relief, the proper respondent to a Section 2241 is the prisoner's custodian, in this situation that would be the warden of USP-Marion. *See* 28 U.S.C. § 2242. Gibbs has listed the County of

Laurens as the sole respondent, so dismissal of the petition is warranted on that basis alone. The petition also raises other concerns.

In *Braden*, the Supreme Court expressly left open whether a prisoner would be sufficiently "in custody" of purposes of Section 2241 if no detainer had been issued. *Braden*, 410 U.S. at 489 fn. 4. The "Detainer Action Letter" indicates that a warrant and detainer had not been formally lodged with the BOP (*see* Doc. 1, p. 3). Even if the "Detainer Action Letter" could serve as Gibbs' request for a speedy trial, it was sent to South Carolina authorities on October 29, 2014, and this action was commenced 117 days later, on February 23, 2015. The petition, therefore, is premature. Moreover, as a matter of comity, a prisoner may be required to exhaust administrative remedies (e.g., moving the state trial court to dismiss the charge, and appealing as necessary), although that is an affirmative defense. *See United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991).

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED without prejudice**. Judgment shall enter accordingly and the case will be closed.

**IT IS SO ORDERED.**

**Signed this 23rd day of March, 2015.**

Digitally signed by David R. Herndon
Date: 2015.03.23 15:05:02 -05'00'

**United States District Judge**